UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Amanda Weagraff,** | ) | **CASE NO. 1:11 CV 2420** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Carolyn W. Colvin,** | ) | **Memorandum of Opinion and Order** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge James R. Knepp II (Doc. 20), recommending that the decision of the Commissioner be affirmed.  Plaintiff filed objections to the R&R.  For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely objections have been made to the Report and Recommendation, provides in part:

1

> **(b) Dispositive Motions and Prisoner Petitions.**
>
> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." *citing United States v. Raddatz*, 447 U.S. 667 (1980).

## **ANALYSIS**

Plaintiff objects to the R&R on one ground.  According to plaintiff, the Magistrate Judge erred in determining that the Administrative Law Judge ("ALJ") properly assessed plaintiff's Residual Functional Capacity ("RFC").  Specifically, plaintiff argues that the ALJ determined that plaintiff was moderately limited in concentration, persistence, or pace.  In the RFC, the ALJ determined that plaintiff can understand, remember, and carry out simple instructions and perform simple, routine, and repetitive tasks.  According to plaintiff, the ALJ erred in failing to include concentration and speed/pace based restrictions in the RFC assessment.

Upon review, the Court finds that plaintiff's objection is not well-taken.  In *Ealy v. Comm'r of Social Security*, 594 F.3d 504 (6th Cir. 2010), the ALJ determined that plaintiff had moderate difficulties in concentration, persistence, or pace.  The medical evidence of record demonstrated that plaintiff had the ability to sustain attention to complete simple repetitive tasks to "two-hour segments over an eight-hour day where speed was not critical."  The ALJ noted that his assessment was "consistent" with the medical evidence.  In computing plaintiff's RFC,

the ALJ limited plaintiff to "simple, repetitive tasks and instructions." The Sixth Circuit held that the limitation to "simple repetitive tasks and instructions" did not properly account for plaintiff's limitations in concentration, persistence, or pace. In theory, an individual who has difficulties with concentration or with persistence or pace may not be able to perform simple and repetitive tasks. Thus, the limitation does not fairly account for the impairment.

Since *Ealy*, district courts are split as to whether *Ealy* created a bright line rule such that a finding of "moderate difficulties in concentration, persistence or pace" requires additional limitations to the RFC assessment. Some courts have held that any time an ALJ determines that an individual suffers from moderate difficulties in this category, additional limitations must always appear in the RFC assessment. Other courts have held that *Ealy* was fact specific in that the medical evidence, which the ALJ adopted, demonstrated *specific* deficits in concentration and pace.

Here, unlike in *Ealy*, the ALJ expressly determined that despite plaintiff's moderate difficulties in concentration, persistence or pace, plaintiff is "able to perform sustained work activity on a regular and continuous basis for eight hours per day, forty hours per week with normal breaks being sufficient." Plaintiff argues that the statement is "gratuitous" because it tracks the language contained in SSR 96-8p. This Court disagrees. The ALJ's finding is consistent with Dr. Zerba's opinion that plaintiff's ability to pay attention to perform simple repetitive tasks was not impaired.[1]  In fact, the ALJ expressly noted that Dr. Zerba's opinion is

---

[1] The Court agrees with the Magistrate Judge that the ALJ discounted that portion of Dr. Zerba's opinion regarding plaintiff's marked limitations in other areas.  There is no indication that the ALJ discounted Dr. Zerba's opinion regarding plaintiff's moderate limitations.

consistent with the RFC assessment.  The Court further agrees with the Magistrate Judge that, although the ALJ afforded "substantial weight" to the opinion of Dr. Pawlarczk, the ALJ never mentioned this opinion in determining that plaintiff could pay attention to perform simple repetitive tasks and could perform sustained work activity on a regular basis.  Thus, it appears that the ALJ relied instead on the opinion of Dr. Zerba.  In all, because the ALJ expressly determined that plaintiff was able to perform sustained work activity on a regular and continuous basis for eight hours per day, forty hours per week with normal breaks despite plaintiff's moderate limitations in concentration, persistence or pace, the Court finds that the ALJ did not err in computing plaintiff's RFC.

### **CONCLUSION**

For the foregoing reasons, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge

Dated: 3/7/13